**Dewey HART, Jr., and Madelyn Hart, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 83–3848.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1985.

Decided Sept. 18, 1985.

Marcia W. Johnson (argued), Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellant.

A. William Zavarello (argued), Akron, Ohio, for plaintiffs-appellees.

Before ENGEL and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This appeal involves a claim filed under the Federal Tort Claims Act, 28 U.S.C. §§ 2674 *et seq.*, for personal injuries sustained in a collision with a vehicle driven by an employee of the United States Postal Service. The government appeals from the

district court's judgment in favor of Hart, specifically the court's denial of the government's motion to lower the prayer for damages in the complaint to the amount of damages claimed in the administrative proceedings. *See* 28 U.S.C. § 2675(b). The government argues that the district court erred in the hearing on the motion by admitting into evidence a deposition that was taken by Hart without reasonable notice to the government. The evidence was a videotaped deposition of a physician on the question of whether the extent of Hart's injuries could reasonably have been discovered prior to the administrative proceedings. On consideration of the issues raised on appeal, we reverse and remand for further proceedings.

In March 1983, the district court scheduled the Hart trial on a stand-by basis for a two-week period beginning June 6, 1983. During this two-week period, a prior case was settled suddenly, and the Hart trial was scheduled to begin on June 16. At the pretrial conference, the district court agreed to reconsider its order limiting Hart's prayer for damages to the amount of his administrative claim. Hart's counsel urged the court not to decide the matter until it heard the testimony of Dr. Buel Smith. Although Dr. Smith was unavailable to testify the following day, Hart's counsel intended to travel to Akron that night to videotape a deposition. The doctor's testimony was necessary for the trial, and also would be extremely important in respect to the motion for reconsideration. The court decided to postpone the trial and hold a hearing the next day on the motion.

Although it is unclear what exactly was said at this conference, because no record was made, it is apparent that the following events occurred on June 15 and 16. Hart's counsel gave three hours notice or less to the government's counsel of a deposition to be taken after 7:30 p.m. in Akron, at a location 35 to 40 miles from the office of the government's counsel. The government's counsel protested that they were unable to attend and objected that the notice was unreasonable and in violation of proper procedure. Either Hart's counsel or

the court suggested that other government attorneys should attend. Hart took the deposition of Dr. Smith on the evening of June 15 with no government counsel present. The district court admitted the videotaped deposition into evidence the next day over the government's objection.

The district court subsequently granted the motion for reconsideration in favor of Hart, deciding that the claim for damages should not be limited to the amount claimed in the administrative filing. In August 1983, the case was tried without a jury on the issue of damages only, as liability had been admitted. The court awarded $144,-122 to Hart.

Federal Rule of Civil Procedure 30(b) requires that a party desiring to take an oral deposition give notice to opposing parties. The notice must be reasonable and in writing. Federal Rule of Civil Procedure 32 provides that, to be admitted at trial, depositions must be admissible under the rules of evidence and also provides that the deposition may be used only against parties who were present at the taking of the deposition or who had reasonable notice.

The notice here was not in writing. There clearly was actual notice, however, and the time and place of the deposition were discussed before a federal district judge. Thus, some of the dangers of allowing oral notice were not present, and the court was free to exercise its discretion and dispense with the requirement of a writing under the circumstances, if in fact the court did so.

The notice, however, was not reasonable. The rules do not require any particular number of days, so that reasonableness may depend on the particular circumstances. Despite the general flexibility in the procedural rules, we do not agree that the notice given was reasonable under the circumstances of this case, although the need for the testimony was great and time was short. First, the June stand-by period had been set in March. Hart was responsible for having his witnesses available on short notice during the stand-by period, and Dr.

Smith was listed as a trial witness. It appears that Hart's counsel knew for some time that the doctor, a crucial witness, would be or might be unavailable on the last day of the two-week period. Yet counsel did not take precautionary measures. Instead, he gave two or three hours notice before a deposition to be taken thirty-five miles away and to begin after 7:30 p.m.

Hart argues that it was unforeseeable that the doctor would be needed on June 16 because a major case set for trial unexpectedly settled. A settlement is not, however, an unusual event. Indeed, stand-by schedules are designed to allow the court to have other cases ready for trial in the event of unexpected settlements or delays in prior cases on the docket, and litigants must be prepared for trial on short notice during the stand-by period. There was an emergency situation, but it was an emergency caused partly by the counsel's conduct. Although attorneys must sacrifice their personal convenience in order to cooperate in discovery and litigation, the notice here was unreasonable, and the deposition of the witness should have not been admitted.

The government did have two to three hours notice and possibly could have sent other members of its legal staff to the deposition. That arguably would not have provided an adequate opportunity for cross-examination because the doctor's testimony involved complicated medical reports of several doctors over a period of time and the substitute attorneys could not have prepared adequately in two to three hours. *See* Fed.R.Civ.P. 32; *see also In re Complaint of Paducah Towing Co.*, 692 F.2d 412 (6th Cir.1982). Considering that Dr. Smith was a crucial witness, by plaintiff's own statement, it was unfair to admit the testimony against the defendant because the defendant did not have reasonable notice.

For the foregoing reasons, we hold that the district court erred in admitting the deposition of Dr. Smith at the hearing. We remand with instructions that the order granted on the motion heard on July 16, 1983, be vacated. A new hearing may be held at which the doctor's testimony can be admitted subject to cross-examination.